IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARTAVIS SHELTON,

    Plaintiff,

v.

PETE ERICKSEN,
MICHAEL BAENEN,
LT. GAVIN, and
OFFICER COONEY,

    Defendants.

OPINION AND ORDER

18-cv-341-wmc

---

DARTAVIS SHELTON,

    Plaintiff,

v.

LT. VANGHEEM,
HSU NURSE GARLAND,
PETE ERICKSEN, and
JEAN ZWIER,

    Defendants.

21-cv-335-wmc

---

*Pro se* plaintiff Dartavis Shelton is currently incarcerated in the Racine County Jail. In these two lawsuits brought under 42 U.S.C. § 1983, Shelton claims that employees at the Green Bay Correctional Institution violated his constitutional rights by (1) unreasonably forcing him to wear metal restraints nonstop for the duration of two lengthy hospital stays in 2012 and 2013 (the '341 case), and (2) using excessive force against him on February 27, 2012 (the '335). Shelton has filed a letter in both cases

1

requesting this court's assistance with the recruitment of counsel. For the following reasons, the requests will be denied without prejudice.

To begin, a *pro se* litigant does not have a right to counsel in a civil case. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). A district court can help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), but a party who wants the court's help must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. Plaintiff asserts that his family and a friend have all been trying to find a lawyer to take his case without success and has therefore satisfied these requirements.

Accordingly, the central question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. In his letter, plaintiff notes that he experienced a six-day delay in receiving the court's November 30, 2021, order, and as a *pro se* litigant, he has no legal knowledge and filed his claims with the help of another inmate. Moreover, plaintiff asserts that he does not have any access to legal materials while the jail installs new tablets, a process that is behind schedule.

Even so, the court is not convinced that plaintiff will be unable to complete the tasks at hand on his own. Indeed, the '335 case is under advisement for screening, so it is not yet clear whether plaintiff will even be allowed to proceed. Because plaintiff's request in that matter is premature, it will be denied without prejudice. (Dkt. #9.)

As for the '341 case, that complaint has only just been screened. The court has yet to schedule a preliminary pretrial conference, and discovery has yet to begin. Accordingly, there are no pending deadlines or litigation tasks that plaintiff would need immediate access to legal materials to complete nor does plaintiff specify what legal materials he needs now. And while plaintiff may have experienced a slight delay in receiving one of the court's prior orders, he was not prejudiced and his speculation that jail staff must be interfering with his mail is not sufficient reason to consider recruiting counsel at this stage. Moreover, that plaintiff is untrained in the law is true of nearly all *pro se* litigants, and the court has not seen evidence that this plaintiff is any more limited than the typical *pro se* prisoner litigant. Indeed, plaintiff's submissions to date have been comprehensible, and demonstrate an understanding of the relevant legal and factual issues in these two cases. Although plaintiff asserts that he has received some assistance from another inmate, such assistance generally does not factor into a court's analysis when deciding whether to help a litigant find a lawyer. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) ("[T]he fact that an inmate receives assistance from a fellow prisoner should not factor into the decision whether to recruit counsel."). Receiving assistance from another inmate is *not* proof that a plaintiff is himself incapable of presenting his case. Accordingly, the court will also deny without prejudice plaintiff's request for assistance with recruiting counsel in the '341 case. (Dkt. #9.)

However, plaintiff will not be without guidance on how to proceed. Once the court schedules the matter for a telephonic preliminary pretrial conference with the

3

magistrate judge, plaintiff need only read the notice of the conference he will receive from the court and write down any questions he might want to ask about court procedure or his case. During the conference, the magistrate judge will set the lawsuit for trial and provide an outline for how the lawsuit will proceed. Shortly after the hearing, plaintiff will receive an order that documents this information. Plaintiff should use that order, as well as the materials attached to that order providing additional guidance, as a guide going forward. If plaintiff finds that he is no longer able to meet the demands of litigation as either of these cases progresses, he may renew his motion, specifying what litigation tasks he is unable to complete and why.

## ORDER

IT IS ORDERED that plaintiff's motions for assistance with the recruitment of counsel, dkt. #15 in case no. 18-cv-341-wmc and dkt. #9 case no. 21-cv-335, are DENIED without prejudice.

Entered this 29th day of December, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge