IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DARTAVIS SHELTON,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                           18-cv-341-wmc

PETE ERICKSEN,
MICHAEL BAENEN,
LT. GAVIN, and
OFFICER COONEY,

                    Defendants.

---

DARTAVIS SHELTON,

                    Plaintiff,

    v.

                                                           21-cv-335-wmc

LT. VANGHEEM,
HSU NURSE GARLAND,
PETE ERICKSEN, and
JEAN ZWIER,

                    Defendants.

---

*Pro se* plaintiff Dartavis Shelton filed these two lawsuits under 42 U.S.C. § 1983 while incarcerated in the Racine County Jail.  In a December 29, 2021, order, the court denied without prejudice Shelton's request for assistance in recruiting counsel filed in both cases.  Shelton, who has since transferred to Dodge Correctional Institution, has filed a second request in both cases, as well as two related letters in the '341 case regarding his deadline to respond to defendants' pending motion to dismiss or transfer venue.  For the following reasons, the court will again deny without prejudice Shelton's

1

request for assistance in recruiting counsel, but will extend his response deadline in the '341 case.

To begin, a district court can help *pro se* litigants find a lawyer to represent them, *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007), but a party who wants the court's help must meet certain requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). First, plaintiff must show that he is unable to afford counsel and that he made reasonable efforts on his own to find a lawyer to represent him. As noted in the court's prior order, plaintiff has satisfied these requirements. (Dkt. #18 at 2.)[1]

Accordingly, the central question is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt*, 503 F.3d at 655. In his letter, plaintiff asserts that while in intake at the jail, he experienced several-day delays and other interference with his mail among other issues. (Dkt. #19.) However, plaintiff has just been transferred to another institution, so the court will consider these concerns to be moot. Moreover, the '335 case is under advisement for screening, so his request in that case is premature because it is not yet clear whether plaintiff will even be allowed to proceed. Accordingly, plaintiff's second request for assistance with recruiting counsel in both cases will also be denied without prejudice.

As for plaintiff's February 7 and 8 letters regarding his deadlines in the '341 case,

---

[1] Unless otherwise noted, references to docket numbers correspond to the docket in Case No. 18-cv-341-wmc.

plaintiff notes that he will be in quarantine at Dodge for at least two weeks and asks why he needs to file a brief.  (Dkt. ##25, 27.)   On January 28, 2022, defendants in that matter filed a motion asking the court to either dismiss the case or transfer it to the district court in the Eastern District of Wisconsin.   (Dkt. #23.)   Plaintiff's current deadline to respond to that motion is February 18, 2022.   Because plaintiff has just transferred to a new institution, is being kept in quarantine for at least two weeks, and has apparently yet to receive a copy of the motion, the court will briefly extend his response deadline by 14 days to March 4, 2022.   Plaintiff may request an extension of that deadline if he is unable to meet it for good cause.

ORDER

IT IS ORDERED that:

1) Plaintiff Dartarvis Shelton's motion for assistance with the recruitment of counsel, dkt. #19 in case no. 18-cv-341-wmc and dkt. #11 case no. 21-cv-335, is DENIED without prejudice.

2) Plaintiff has until March 4, 2022, to respond to defendants' motion to dismiss or transfer venue.  Defendants' brief in reply shall be due on or before March 14, 2022.

Entered this 10th day of February, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge