IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARTAVIS SHELTON,

                           Plaintiff,                                ORDER

    v.

                                                          18-cv-341-wmc

PETE ERICKSEN,
MICHAEL BAENEN,
LT. GAVIN, and
OFFICER COONEY,

                           Defendants.

On November 30, 2021, the court granted *pro se* plaintiff Dartavis Shelton leave to proceed in this lawsuit alleging that prison staff at Green Bay Correctional Institution unreasonably forced him to wear metal restraints (including handcuffs, leg shackles, and a "Bandit" electric shock device) nonstop for the duration of two lengthy hospital stays in 2012 and 2013. Shelton continued to actively litigate this case through early February 2022, filing requests for assistance in recruiting counsel, asking for clarification regarding deadlines, and updating his address with the court. (Dkt. ##15, 19, 25, 27.) Currently pending is defendants' motion to dismiss or to transfer this case to the Eastern District of Wisconsin. (Dkt. #23.)

Then, on March 14, 2022, notice was filed of Shelton's death (dkt. #31), which qualifies as a "suggestion of death" under Federal Rule of Civil Procedure 25(a). Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within

> 90 days after service of a statement noting the death, the action
> by or against the decedent must be dismissed.

Shelton's successors or representatives might yet wish to assume his interest in this action.   But that raises questions about how to advise Shelton's successors or representatives of their rights.  As interpreted in *Atkins v. City of Chicago*, 547 F.3d 869 (7th Cir. 2008), Rule 25 requires the party filing the suggestion of death to both identify the proper party to be substituted and serve that individual with the notice.  Until proper service is effectuated, the 90-day deadline for substitution is not triggered.  *Id.* at 874 ("[N]othing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor.").

When this situation has arisen in other prisoner cases, the court has typically ordered defendants to identify the proper party to be substituted and then to serve the notice on that party.  *See, e.g., Conrad v. Dunahay*, Case No. 17-cv-418-jdp (W.D. Wis. 2017) (dkt #129).  The court will do the same here.  The proper party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Atkins*, 547 F.3d at 873.  Once Shelton's successors or representatives have been notified, they will have 90 days to file a motion for substitution.

One last note:  Shelton currently has one other case pending in this court, No. 21-cv-335-wmc.  The court has not yet screened the complaint in that case, so it has not been sent to the Attorney General for service on the defendants it names.  In their response to this order, defendants in this case should provide contact information for Shelton's successors or personal representative so that the court may contact them in connection with the 21-cv-335 case.

ORDER

IT IS ORDERED that:

1) Defendants shall have **April 14, 2022,** to serve the proper party with notice of death and file proof of service or show cause why they were unable to do so.

2) If defendants file proof of service, Shelton's successors or personal representative will have 90 days to file a motion for substitution.

3) Defendants should provide the court with contact information for Shelton's successors or personal representatives in their response to this order.

Entered this 24th day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3