IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DARTAVIS SHELTON,

                        Plaintiff,                                    ORDER

     v.

                                                            18-cv-341-wmc

PETE ERICKSEN,
MICHAEL BAENEN,
LT. GAVIN, and
OFFICER COONEY,

                        Defendants.

On November 30, 2021, the court granted *pro se* plaintiff Dartavis Shelton leave to proceed in this lawsuit alleging that prison staff at Green Bay Correctional Institution unreasonably forced him to wear metal restraints (including handcuffs, leg shackles, and a "Bandit" electric shock device) nonstop for the duration of two lengthy hospital stays in 2012 and 2013. Currently pending is defendants' motion to dismiss or to transfer this case to the Eastern District of Wisconsin. (Dkt. #23.) Shelton also has a second case pending in this court that was severed from this one, No. 21-cv-335-wmc, in which he sought leave to proceed on claims relating to an alleged use of force incident from 2012, also at Green Bay.

On March 14, 2022, defendants in this case filed a suggestion of death upon the record as to Shelton under Federal Rule of Civil Procedure 25(a). (Dkt. #31.) Rule 25(a)(1) provides that if a party to a claim dies, unless substitution is made within 90 days after service of a statement noting the death, the action by or against the decedent

must be dismissed.   Service of a statement noting death thus triggers commencement of a 90-day period for substitution, which a party must serve upon nonparty successors or representatives in a manner provided in Rule 4.   Fed. R. Civ. P. 25(a)(3); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) ("[A]n obviously interested non-party . . . must be served for the 90-day clock to start running.").   To that end, under Rule 25(a), the court ordered defendants to serve Shelton's personal representative or successor by April 14, 2022, so that he or she could assume Shelton's interest in this case.   (Dkt. #34.)   The court could not do the same in Shelton's second, pending case because that complaint has not yet passed the screening stage, meaning that no defendants have been served.   However, the court asked defendants in this case to provide the court with contact information for Shelton's personal representative or successor so that the court could contact him or her in connection with the second, unscreened case.   (Dkt. #34 at 2.)

Defendants' counsel has now filed a declaration attesting that defendants hired a process server on March 15, 2022, who has been unable to serve Shelton's successor or representative.   (Dkt. #35.)   In support, defendants' counsel attached the email chain between a paralegal and the process server that includes contact information for the person defendants have identified as the proper party, and progress updates from the process server, who states that he has made "many attempts" to effect service without success.   (Dkt. #35-1.)

Because service in hand has been unsuccessful, and in light of the goal of

providing notice to Shelton's successors or representatives who might yet wish to assume his interest in this lawsuit, the court will now direct defendants to serve the person they have identified by publication and mailing under Federal Rule of Civil Procedure 4(e)(1), which permits service under state law -- specifically here Wis. Stat. § 801.11(1)(c), permitting service by publication and mailing upon a showing of "reasonable diligence." *Cf. Reaves v. Rhodes*, No. 4:10-cv-03234-tlw, 2014 WL 798414, at *2 (D.S.C. Feb. 26, 2014) (noting that the defendants had served a suggestion of death upon the record by publication).  Defendants have been reasonably diligent in attempting personal service multiple times over the course of a month, and may therefore use this alternative method of service.

To help resolve Shelton's cases, in addition to serving the suggestion of death by mail, defendants are also directed to mail this order, the complaint, and the leave to proceed order.  Defendants should notify the court when they have mailed those materials and completed service by publication.  Shelton's successor or representative will then have 90 days from the proof of service to file a motion for substitution and assume Shelton's interests in this case if he or she wishes to do so.  Shelton's successor or representative may also notify the court whether he or she wishes to assume Shelton's interest in his second, unscreened case.  If the court receives no communications from Shelton's successor or representative, the court will dismiss this case and the second, unscreened case for lack of prosecution.

ORDER

IT IS ORDERED that defendants shall have until July 19, 2022, to serve the proper party with notice of death via publication and by mail pursuant to Wis. Stat. § 801.11(1)(c), and file proof of service or show cause why they were unable to do so. In mailing notice, defendants are further directed to mail this order, complaint, and the leave to proceed order.

Entered this 28th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4